Argued January 25, affirmed February 14, 1928.

## F. DEMENT v. J. A. EASTES ET AL.

(264 Pac. 348.)

Mortgages—Mechanics' Liens Held Entitled to Priority Over Mortgage on Premises Given and Recorded Between Time of Commencement and Completion of Building (Or. L., § 10193).

1. Mechanics' liens filed within time *held* entitled to priority over mortgage given on premises and recorded after construction of building was commenced and. before time of its completion, under Section 10193, Or. L.

Mechanics' Liens—Filing of Mechanics' Liens Before Substantial Completion of Building Held Timely, in Foreclosure Suit.

2. Where building was not substantially completed at time· of filing of mechanics' liens, liens were filed within time, entitling holder of liens to maintain foreclosure suit thereon.

---

Mechanics' Liens, 40 C. J., p. 191, n. 7, p. 292, n. 45.

1. Priority as between mortgage of property and mechanic's lien thereon, see note in Ann. Cas. 1916B, 634, 667, 669, 672, 674. See, also, 14 R. C. L. 955. Priority of mechanic's lien over prior unrecorded mortgage, see note in 14 L. R. A. 306. See, also, 18 R. C. L. 955.

From Deschutes: T. E. J. DUFFY, Judge.

Department. 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. H. H. De Armond.*

For respondent there was a brief and oral argument by *Mr. R. S. Hamilton.*

McBRIDE, J.—This is a suit brought by F. Dement against J. A. Eastes and The Pacific Savings and Loan Association to foreclose three liens, one filed by F. Dement for $1,805.11, one filed by H. J. Bookman for $300, and one filed by Ralph A. Hope for $287.50 against a garage building constructed on certain lots described in the complaint. The liens of Hope and Bookman were assigned to the plaintiff for the purpose of this suit.

There are really only two questions to be decided in this case. The first is, whether the liens claimed by the three persons above named have been filed within the time required under the statute. Second, if the liens were filed in time, do they take priority over the mortgage of the defendant The Pacific Savings and Loan Association? There is no question as to the amount claimed and actually owing to each of the lien claimants, excepting as to the amount owing to the claimant Bookman.

1, 2. Taking the arguments in inverse order to which they were presented in the briefs, it may be said that Section 10193, Or. L., definitely provides that a lien claim for labor and material on a building takes priority over a mortgage, which is recorded

after construction has been commenced. It appeared from the testimony in this case that construction on the building was begun about the middle of February, 1923. It further appears that on April 4, 1923, a mortgage was given to The Pacific Savings and Loan Association for $15,000 upon the property in question, which mortgage was not recorded until April 10, 1923. This mortgage was later supplanted by a mortgage for $20,000 given by the mortgagee under date of June 11, 1923, and recorded June 16, 1923, and the mortgage for $15,000 was satisfied of record after it had been recorded.

While the testimony is somewhat contradictory, we find that the building was not completed until September 19, 1923, and so far as priority is concerned, the liens of the several claimants take precedence over the mortgage: *Harrisburg Lumber Co.* v. *Washburn,* 29 Or. 150 (44 Pac. 390), and *Henry* v. *Hand,* 36 Or. 492 (59 Pac. 330).

Taking the testimony together, we are satisfied that the building was not substantially completed at the time any one of these three liens was filed; and a detailed discussion of the testimony would serve no useful purpose in this opinion.

There was some discussion as to an item of $500 on the claim of Dement in which it was asserted by the defendant that $500 paid to Dement was by him applied on another account due from the garage company, although directed by them to be applied on the account for which the lien is claimed. There is nothing in the pleadings claiming such a payment and, the testimony being contradictory, we are disposed to follow the rulings of the circuit judge.

The court allowed certain credits on the claim of Bookman which reduced the total of this claim to $25, and, as to this, we coincide with its findings.

The decree of the court below is affirmed.

AFFIRMED.

RAND, C. J., and COSHOW and BROWN, JJ., concur.